UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HARVEY BROWN,

    *Plaintiff,*

    CASE NO. 2:21-cv-12618

v.

    DISTRICT JUDGE DAVID M. LAWSON

T. RYDER and     MAGISTRATE JUDGE PATRICIA T. MORRIS
DR. WATSON,

    *Defendants.*
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT TIMOTHY
RYDER'S MOTION TO DISMISS (ECF No. 25)**

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Timothy Ryder's ("Ryder's") motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissing claims against him **WITH PREJUDICE**. (ECF No. 25.)

**II.   REPORT**

    **A.   Procedural and Factual Background**

On October 26, 2021, Plaintiff James Harvey Brown ("Brown"), a Michigan Department of Corrections ("MDOC") prisoner housed at the Parnall Correctional Facility ("SMT") in Jackson, Michigan, filed suit in this Court, alleging violations of his First and Eighth Amendment rights under 42 U.S.C. § 1983.  Ryder, identified as an SMT grievance

1

coordinator in the Complaint, is being sued in his individual and official capacities. (ECF No. 1, PageID.4).

Brown alleges he "severely injured" his left shoulder in June 2021. (*Id.*, PageID.5). He states that due to shoulder and arm discomfort, his now-dismissed co-plaintiff prisoner Tabu Wright, rather than Brown himself, composed an administrative grievance on Brown's behalf. (*Id.*). Brown alleges that after he submitted the Step One grievance, Ryder responded "with threats of retaliation," stating that Brown should "not send this grievance back or it will not be processed." (*Id.*, PageID.6). Brown alleges that in doing so, Ryder denied his right to file a grievance and threatened him with retaliatory activity if he filed a grievance. (*Id.*, PageID.9-10). As to the underlying claim of the untreated shoulder injury precipitating the grievance, Brown also alleges that codefendant physician Peter Watson showed deliberate indifference to Brown's ongoing discomfort as a result of the shoulder condition by refusing to provide adequate medical care. (*Id.*, PageID.8).

Attached to the Complaint is a Step I grievance response by Ryder, noting that the grievance was being returned to Brown because he "had another prisoner write [the] grievance . . . which is against policy." (*Id.*, PageID.15). Ryder further advised that Brown: "DO NOT just return this document to this office as it will not be processed according to policy."[1] (*Id.*) (Capitalization in original). Brown acknowledges that Wright composed the grievance but states that the shoulder and arm problems made it impossible for him to write

---

[1] Under MDOC Policy Directive ("PD") 03.02.130, ¶ N states that "Wardens and FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, ifs/he determines it is needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance."

2

his own grievance. (*Id*., PageID.10). Wright was separately warned that further writing of grievances on behalf of other prisoners would "result in a Forgery and/or Disobeying a Direct Order misconduct." (*Id*., PageID.16). Brown requests monetary damages and that the Court "issue injunctive relief for urgent medical surgery." (Id., PageID.11).

**B.     Standard of Review**

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint *pro se*, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### C. Analysis

#### 1. Personal Involvement

In favor of dismissal, Ryder argues that Brown has failed to allege personal involvement in the allegedly unconstitutional conduct. (ECF No. 25, PageID.161). Ryder contends further that his refusal to accept the grievance regarding medical care on the basis that it violated MDOC policy does not implicate him in the alleged Eight Amendment violations forming the basis of the grievance, an independent claim of denial of access to the courts, or retaliation. (*Id.*, PageID.163).

In response, Brown states as follows: I wish to honor the motion to dismiss. I also would like to withdraw from [this] case." (ECF No. 29, PageID.201).

Because codefendant Watson filed a motion for summary judgment prior to Brown's request to withdraw the claim, Brown is not entitled to voluntary dismissal without the stipulation of all parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(i-ii). Parties have not stipulated to dismissal as of the date of this writing. Moreover, while under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request by court order," dismissal under this paragraph is generally without prejudice. *Id.* As discussed below, Ryder argues exclusively that he is entitled to dismissal under Rule 12(b)6). Thus, notwithstanding Brown's "notice" of dismissal contained in his response, the Court will consider Ryder's motion for dismissal of the claims against him *with* prejudice.

To prevail on a § 1983 claim, a plaintiff must demonstrate that (1) the conduct about which he or she complains was committed by a person acting under color of state

4

law and (2) that the conduct deprived him or her of a federal constitutional or statutory right. 42 U.S.C. § 1983. Additionally, a plaintiff must establish an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). To demonstrate an affirmative link, a plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id.* at 375; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

It is well-settled that the denial of a grievance by an individual acting in the capacity of grievance coordinator, with nothing more, does not implicate that individual in the alleged violation forming the basis of underlying grievance. "The 'denial of administrative grievances' . . . does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F. 3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Ryder's rejection of the Step I grievance likewise does not state a claim upon which relief can be granted.

While Brown alleges that Ryder's rejection of the grievance and threats were done in retaliation for Brown's use of the grievance process, Ryder's grievance response, attached to the Complaint clearly states that the grievance was rejected because it was composed by another inmate in violation of MDOC PD 03.02.130(N) ("Wardens and FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form . . . *by a staff member* who is not involved in the grievance."). (Emphasis added). (ECF No. 1, PageID.15). Ryder's warning that he

would not accept the non-conforming grievance on resubmission because it violated MDOC's Policy Directive cannot be construed as a "threat" or discouragement to filing grievances consistent with MDOC policy. *See Parker v. Donnellon*, No. 11-12198, 2011 WL 3163524, at *2 (E.D. Mich. July 27, 2011) (citing *Carlton v. Jondreau,* 76 F. App'x 642, 644 (6th Cir.2003)) ("[T]o the extent that Plaintiff is dissatisfied with Defendants' responses to his complaints or grievances, he has failed to state a claim upon which relief may be granted.").

Because Brown has failed to allege personal involvement by Ryder other than in the capacity of grievance coordinator and has not made plausible allegations that Ryder violated his constitutional rights, claims against Ryder should be dismissed with prejudice. In asking the Court to "honor" the motion to dismiss, James does not contest Ryder's bases for dismissal with prejudice.

### 2. The Official Capacity Claims

Insofar as Brown asks for monetary damages, claims against Ryder in his official capacity should be dismissed. The Eleventh Amendment to the United States Constitution provides that no citizen of the United States shall commence a suit against any state. U.S. Const. amend. XI.; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). It is well established that a suit against a state officer in his or her official capacity is a suit against the entity he or she represents. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants Magda, Sattler, and John Doe are nurses or correctional officers employed by JCF and by extension, the state of Michigan. (ECF No. 1,

6

PageID.2–3.) Therefore, by suing Ryder, an official of the State of Michigan, in his official capacity, Brown is effectively suing the State of Michigan. *See Maben v. Thelen*, 887 F.3d 252, 257, 270–71 (6th Cir. 2018) (holding that the Eleventh Amendment barred a suit against a prison guard in his official capacity); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000) ("[T]he MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity."); *Baskerville v. Blot*, 224 F. Supp.2d 723, 738 (S.D.N.Y. 2002) (holding that the Eleventh Amendment barred a lawsuit against "corrections officers [and] nurses employed by the New York State Department of Corrections" in their official capacities).

To be sure, the Eleventh Amendment does not bar claims for injunctive relief against the state. *See Ex parte Young*, 209 U.S. 123, 148 (1908) (holding that the Eleventh Amendment does not prohibit suits against states for injunctive relief). Aside from Brown's generalized claim for "declaratory and injunctive relief," he requests that the Court "issue injunctive relief for urgent medical surgery" to correct chronic shoulder problems and "nerve damage." (ECF No. 1, PageID.3, 11-12). But again, in asking the Court to "honor" the motion to dismiss, Brown does not challenge Ryder's bases for dismissal with prejudice which would necessarily include the official capacity claims.

Accordingly, I suggest that the official capacity claims against Ryder be dismissed with prejudice.

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **GRANT** Defendant Ryder's motion for dismissal under Rule 12(b)(6), dismissing claims against him **WITH PREJUDICE**. (ECF No. 25.)

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 28, 2022                         S/ PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge