## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES HARVEY BROWN,

      *Plaintiff,*

                  CASE NO. 2:21-cv-12618

*v.*

                  DISTRICT JUDGE DAVID M. LAWSON

T. RYDER and             MAGISTRATE JUDGE PATRICIA T. MORRIS

DR WATSON,

      *Defendants.*

_____/

### REPORT AND RECOMMENDATION ON DEFENDANT PETER WATSON'S MOTION FOR SUMMARY JUDGMENT (ECF No. 27)

### I.    RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Peter Watson's ("Watson's") motion for summary judgment on the basis of exhaustion, dismissing claims against him **WITHOUT PREJUDICE**.  (ECF No. 27).  **I RECOMMEND** further that the Court decline to consider Watson's alternative request for dismissal under Fed. R. Civ. P. 12(b)(6).

### II.    REPORT

#### A.    Procedural and Factual Background

On October 26, 2021, Plaintiff James Harvey Brown ("Brown"), a Michigan Department of Corrections ("MDOC") prisoner housed at the Parnall Correctional Facility ("SMT") in Jackson, Michigan, filed suit in this Court under 42 U.S.C. § 1983, alleging

1

violations of his First and Eighth Amendment rights.  The Complaint alleges that Watson, a medical doctor, was deliberately indifferent to Brown's "urgent medical needs" by denying him access to treatment for his shoulder injury.  (ECF No. 1, PageID.9).  Timothy Ryder, identified as an SMT grievance coordinator in the Complaint, is also being sued in his individual and official capacities.  (*Id.*, PageID.4).

The Complaint contains the following additional allegations.  Brown "severely injured" his left shoulder in June 2021.  (*Id.*, PageID.5).  During a "call-out," Dr. Watson told him that "orthopedic doctors at Henry Ford do not like to demonstrate surgery on prisoners and it's hard to find a doctor who will." (*Id.*, PageID.8).  Watson failed to provide "immediate medical attention or scheduling outside surgery" for the chronically painful shoulder condition.  (*Id.*).

Due to the shoulder and arm discomfort, Brown's now-dismissed co-plaintiff, prisoner Tabu Wright, composed an administrative grievance on Brown's behalf regarding the lack of adequate medical treatment.  (*Id.*, PageID.5).  Attached to the Complaint is a Step I grievance stating that Brown was "being denied proper medical treatment for his broken left arm" and that "health service officials . . . suggested therapy instead of surgery" amounting to "deliberate indifference" to his medical needs.  (*Id.*, PageID.14).  Three days later, Ryder rejected the grievance, noting that it was being returned to because Brown "had another prisoner write [the] grievance . . . which is against policy." (*Id.*, PageID.15).  Ryder further advised Brown: "DO NOT just return this document to this office as it will

not be processed according to policy."[1] (*Id.*) (Capitalization in original).   Brown requests monetary damages and that the Court "issue injunctive relief for urgent medical surgery." (*Id.*, PageID.11).

On April 8, 2022, Brown submitted a "response" to the present motion and Ryder's motion to dismiss (ECF No. 25) stating as follows: "I the plaintiff in response to order requiring response of the plaintiff(s) T. Ryder/P. Watson motion to dismiss. I wish to honor the motion to dismiss, I also would like to withdraw from [this] case . . ." (ECF No. 29, PageID.201).

**B.    Summary Judgment Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at

---

[1] Under MDOC Policy Directive ("PD") 03.02.130, ¶ N, "Wardens and FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if s/he determines it is needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance."

587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Woodford*, 548 U.S. at 90.

5

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

It is undisputed that Brown's claims against Watson are unexhausted. After the Step I grievance was rejected Brown did not resubmit the grievance in his own writing or enlist the help of a staff member as provided by P.D. 03.02.130 ¶ N. Brown did not complete the requirements for a Step I grievance, much less pursue the grievance through Steps II and III as required before filing suit.

Aside from these deficiencies, the rejected Step I grievance does not pass muster. Appended to the Complaint is Brown's Step I grievance submission regarding his alleged failure to procure adequate treatment for his shoulder. (ECF No. 1, PageID.14). The

grievance states that he is "being denied proper medical treatment for his broken left arm" and that "health service officials . . . suggested therapy instead of the needed surgery." (*Id.*). The grievance does not mention Watson by name and the reference to "health service officials" would not put Watson on notice that he himself was being grieved as required by P.D. 03.02.130, ¶ S. Because Brown did not comply with the policy directive requiring that a defendant be named at Step I, he has not properly exhausted Watson. Therefore, dismissal without prejudice is appropriate. *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice."). As such, the Court need not consider Watson's alternate request that the claim be dismissed under Fed. R. Civ. P. 12(b)(6).[2]

### D.   Conclusion

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Peter Watson's ("Watson's") for summary judgment on the basis of exhaustion, dismissing claims against him **WITHOUT PREJUDICE**. (ECF No. 27). **I RECOMMEND** further

---

[2]The Court is mindful that under § 1997e(c)(2), where a claim is "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief" the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. Brown's liberally construed allegation that Watson refused to arrange for needed shoulder surgery despite Brown's ongoing pain and physical limitations is not so patently deficient as to warrant dismissal on the merits of the Eighth Amendment claim. Dismissal without prejudice is otherwise favored in this case. Because codefendant Watson filed a motion for summary judgment prior to Brown's request to withdraw the claim, Brown is not entitled to voluntary dismissal without the stipulation of all parties and there is no stipulation to dismissal as of the date of this writing. *See* Fed. R. Civ. P. 41(a)(1)(A)(i-ii). But under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request by court order," and dismissal under this paragraph is generally without prejudice. *Id.* To be sure, in a separate recommendation the Court recommended granting codefendant Ryder's motion for dismissal with prejudice, but Ryder's motion was brought *solely* under Rule 12(b)(6). In contrast here, Watson has provided undisputed grounds for dismissal without prejudice based on Brown's failure to exhaust under § 1997e(a). An examination of the merits of the claim is not warranted.

that the Court decline to consider Watson's alternative request for dismissal under Fed. R. Civ. P. 12(b)(6).

### III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 28, 2022                    S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge